UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALI KAREEM AL-HISNAWI,

Defendant.

_____/

Case No. 20-cr-20058

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING THE GOVERNMENT'S MOTION TO STRIKE [#14]; DENYING WITHOUT PREJUDICE DEFENDANT'S *PRO SE* MOTION FOR PERMANENT INJUNCTION AND RESTRAINING ORDER [#7]; GRANTING THE GOVERNMENT'S MOTION TO CONTINUE THE JURY TRIAL AND FIND EXCLUDABLE DELAY [#16]; AND GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW AS COUNSEL [#17]**

## I.    INTRODUCTION

On February 5, 2020, Defendant Ali Kareem Al-Hisnawi ("Defendant") was charged in an indictment with one count of Threatening a Federal Official, in violation of 18 U.S.C. § 115(a)(1)(B), and one count of Retaliating Against a Witness, in violation of 18 U.S.C. § 1513(b)(2).  ECF No. 8.  His jury trial was originally set for April 28, 2020.  ECF No. 13.

There are four motions presently before the Court.  First, Defendant filed a *pro se* Motion for Permanent Injunction and Restraining Order on January 28, 2020.[1] ECF No. 7.  The Government filed a Response on March 20, 2020.  ECF No. 15. Second, and on the same day, the Government filed a Motion to Strike Defendant's *pro se* Motion.  ECF No. 14.  Third, the Government filed a Motion to Continue the Jury Trial and Find Excludable Delay on April 16, 2020.  ECF No. 16.  Fourth, and on the same day, Richard J. O'Neill ("Defense Counsel") filed a Motion to Withdraw as Counsel, to which the Government communicated that it has no position.  ECF No. 17.  A hearing on this matter was held on May 11, 2020.  For the reasons that follow, the Court will **DENY** the Government's Motion to Strike [#14]; **DENY WITHOUT PREJUDICE** Defendant's *pro se* Motion for Permanent Injunction and Restraining Order [# 7]; **GRANT** the Government's Motion to Continue the Jury Trial and Find Excludable Delay [# 16]; and **GRANT** Defense Counsel's Motion to Withdraw as Counsel [#17].

## II.    FACTUAL BACKGROUND

The instant action stems from an incident on or about December 20, 2019, when Defendant allegedly threatened Joseph Camaj, a Deportation Officer employed by the U.S. Department of Homeland Security, Immigration and Customs Enforcement (ICE) and Enforcement and Removal Operations (ERO).  On that date,

---

[1] Defendant's *pro se* Motion was docketed on February 3, 2020.  ECF No. 7.

Defendant was released by the Detroit Police Department and transferred into ICE ERO custody.  He was subsequently transported to the U.S. Marshals Service (USMS) by ICE ERO due to a federal arrest warrant that was issued for an alleged violation of his terms of supervised release.  ECF No. 1, PageID.4.  Defendant purportedly threatened to assault and kill Deportation Officer Camaj while awaiting his transfer to USMS and while detained within an ICE ERO detention vehicle.  *Id.*

On January 22, 2020, a criminal complaint was filed, charging Defendant with Threating a Federal Official, in violation of 18 U.S.C. § 115(a)(1)(B).  ECF No. 1.  Defendant made his initial appearance before Magistrate Judge Elizabeth Stafford the following day.  The Federal Community Defender Office was appointed to represent Defendant.  ECF No. 17, PageID.49; *see also* ECF No. 2 (minute entry denoting defense attorney Todd Shanker's appearance on the record).  Defendant consented to detention.  ECF No. 5.

On February 5, 2020, a federal grand jury indicted Defendant in a two-count indictment.  ECF No. 8.  On February 6, 2020, Defendant was arraigned on the indictment.  ECF Nos. 10, 11.  His detention at Livingston County Jail was continued.  On February 18, 2020, this Court issued a Scheduling Order with a Pretrial Conference/Plea Hearing set for April 16, 2020 and a jury trial set for April 28, 2020.  ECF No. 13.  On April 22, 2020, this Court canceled the jury trial date in a text-only notice.

### III.    LAW & ANALYSIS

**A. Defendant's Motion for Permanent Injunction and Restraining Order (ECF No. 7) and the Government's Motion to Strike Defendant's *Pro Se* Motion (ECF No. 14)**

Defendant filed his *pro se* Motion for Permanent Injunction and Restraining Order.  ECF No. 7.  The Government filed its Response and a Motion to Strike Defendant's *pro se* Motion.  ECF Nos. 14, 15.  Defendant did not respond to the Government's Motion to Strike.

It is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in his proceedings.  *Faretta v. California*, 422 U.S. 806 (1975).  However, a criminal defendant does not have a right to hybrid representation.  *See United States v. Mosely,* 810 F.2d 93, 98 (6th Cir.1987); *United States v. Curry*, No. 13-20887, 2015 WL 4425926, at *2–3 (E.D. Mich. July 17, 2015).  "A court's discretion to reject hybrid representation may apply to the filing of motions."  *Curry*, 2015 WL 4425926, at *2 (citing *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994)).

The Sixth Circuit has explained:

> The right to defend pro se and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other.  While it may be within the discretion of a District Court to permit both a criminal defendant and his attorney to conduct different phases of the defense in a criminal trial, for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights.

*United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) (citing *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970)).  Courts within the Eastern District of Michigan have applied this analysis to a defendant's filing of *pro se* motions.  *See, e.g.*, *Curry*, 2015 WL 4425926, at *2; *United States v. Darwich*, No. 09-cr-20280, 2010 WL 4822891 (E.D. Mich. Nov. 22, 2010); *United States v. Degroat*, No. 97-cr-20004-dt-1, 2009 WL 891699 (E.D. Mich. Mar. 31, 2009).

Here, the Court will decline to apply the Sixth Circuit's analysis in *Mosley* to Defendant's instant *pro se* Motion.  Upon review of the docket, it is unclear whether Defendant had an opportunity to meet with his attorney prior to his filing of the Motion.  The Court takes notice that Defense attorney Todd Shanker was on the record for Defendant's initial appearance on January 23, 2020.  Magistrate Judge Elizabeth Stafford subsequently entered an Order Appointing Federal Community Defender the following day.  ECF No. 4.  The Court notes that Defense Counsel did not file his Notice of Attorney Appearance until February 6, 2020.  ECF No. 9.  Defendant filed his instant *pro se* Motion on January 28, 2020.  ECF No. 7.  Without definitive knowledge that Defendant was represented by Defense Counsel on the

date of his filing, the Court will decline to strike his *pro se* Motion.  Accordingly, Court will **DENY** the Government's Motion to Strike Defendant's *Pro Se* Motion [# 14].

Instead, the Court will address the merits of Defendant's *pro se* Motion. Defendant requests an order that Sgt. Pengelly not have any direct or indirect contact with him while he is housed at Livingston County Jail.  ECF No. 7, PageID.13. Defendant provides the Court with general allegations, explaining that Sgt. Pengelly makes comments to him such as "you're gonna be here a very long time."  *Id.* at PageID.12.  He further purports that Sgt. Pengelly is attempting to "illegally audio record" him.  *Id.*

The Court finds that Defendant raises issues concerning his conditions of confinement which are outside the purview of the issues raised in the instant action at this juncture.  Further, the Court takes judicial notice that Defendant's Motion is procedurally improper.[2]   Accordingly, the Court will **DENY WITHOUT PREJUDICE** Defendant's *pro se* Motion for Permanent Injunction and Restraining Order [#7].  As instructed in the conclusion of this Order, a new CJA panel attorney

---

[2] Even if Defendant filed his motion under the correct statute, he is not entitled to the requested relief—a permanent injunction—because such relief is premature at this juncture.  "[N]ormally a permanent or final injunction is to be granted only after a right thereto has been established at a full trial on the merits."  *Skinner v Unknown Grandson*, No. 05-70556, 2006 WL 1997392, at *11 (E.D. Mich. July 14, 2006) (internal citations omitted).

will be assigned to represent Defendant in this matter.  Defendant may raise his concerns with his new counsel.

### B. Government's Motion to Continue the Jury Trial and Find Excludable Delay (ECF No. 16)

On April 16, 2020, the Government filed a Motion to Continue the Jury Trial and Find Excludable Delay.  ECF No. 16.  Defendant did not respond to nor concur in the Government's Motion.

The Speedy Trial Act imposes time limits within which criminal defendants must be brought to trial.  Typically, a defendant's trial must commence within seventy days of (a) the date of the information or indictment, or (b) the date of his or her initial appearance before a judicial officer in the district in which the charges were brought—whichever date last occurs.  *See* 18 U.S.C. § 3161(c)(1).  There are several periods of delay which "shall be excluded" from the time limit for commencing trial, however.  18 U.S.C. § 3161(h).  Section 3161(h)(7) permits a period of delay to be excluded should the court determine that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  The court should consider certain factors in making its finding, including "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation

of such proceeding impossible, or result in a miscarriage of justice," 18 U.S.C. §

3161(h)(7)(B)(i), and "[w]hether the failure to grant such a continuance in a case …

would deny counsel for the defendant or the attorney for the Government the

reasonable time necessary for effective preparation, taking into account the exercise

of due diligence," 18 U.S.C. § 3161(h)(7)(B)(iv).

     The Court finds that the "ends of justice" served by ordering postponement in

the instant criminal matter outweigh the interests of the public and Defendant in a

speedy trial.  The swift and stunning spread of the novel coronavirus of 2019 has

changed the world in record speed.  The majority of states have issued stay-at-home

orders, including Governor Gretchen Whitmer of Michigan, who issued a state of

emergency when the State's first two cases of coronavirus were reported on March

10, 2020.  On March 24, 2020, Governor Whitmer issued a stay-at-home order

requiring all but essential workers to report to work, which has been extended

through May 15, 2020.  Moreover, even with the Governor's stay-at-home order,

Michigan continues to experience staggering numbers of confirmed COVID-19

cases and deaths.  At the time of this writing, the total confirmed number of COVID-

19 cases in Michigan now totals 44,397, with 4,179 lives lost. *Coronavirus –*

*Michigan Data*, Michigan.gov, https://www.michigan.gov/coronavirus/0,9753,7-

406-98163-520743--,00.html (last updated May 5, 2020).

     In order to combat the spread of the disease, the Eastern District of Michigan

postponed indefinitely most in-court proceedings, including jury trials, criminal and civil cases and matters; and postponed indefinitely all grand jury proceedings. *See* Administrative Order 20-AO-021.   In its Administrative Order, the court acknowledged "the severity of the risk posed to the public, Court staff, and other Court agencies" and considered "the public health recommendations from the Centers for Disease Control and Prevention (CDC)[.]" *Id.*

In its instant Motion, the Government argues that neither defense counsel nor counsel for the Government can effectively prepare for Defendant's trial.  ECF No. 16, PageID.44–45.  Specifically, the Government cites to Defendant's inability to meet with his counsel to review his case in light of most jail facilities' restrictions. *Id.* at PageID.45.  It also points to Defense Counsel's limited ability to access trial materials, visit and interview witnesses, and review discovery materials in the Government's custody.  *Id.*  Furthermore, the Government emphasizes its own hardship in preparing its case given its similarly limited ability to meet with agents and witnesses and access material stored at government facilities.  *Id.*

In light of the Court's Administrative Order, which included a finding that the ends of justice served by ordering postponements outweigh the best interest of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A), and the presented arguments in the instant Motion, this Court will **GRANT** the Government's Motion [#16].  The Court finds that the ends of justice

served by this continuance outweigh the interests of the public and Defendant in a speedy trial.  The trial date of this case will be reset at a Status Conference on June 1, 2020 at 10:00 a.m.  The Court finds that all of the time between the filing of the instant Motion on April 16, 2020, and the new trial date, is fully excludable time under 18 U.S.C. § 3161(h)(7)(A).

**C. Defense Counsel's Motion to Withdraw as Counsel (ECF No. 17)**

In his Motion, Defense Counsel asserts that there are now irreconcilable conflicts with Defendant such that his withdrawal is warranted.  ECF No. 17, PageID.50.

"Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."  *Wheat v. United States*, 486 U.S. 153, 160 (1988).  The Eastern District of Michigan's Local Rules provide that the Michigan Rules of Professional Conduct apply to attorneys practicing within the District.  *See* E.D. Mich. LR 83.20(j).  Michigan Rule of Professional Conduct 1.16(b) states that "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client."  Additionally, the Eastern District of Michigan's Local Rules provide that "[a]n attorney who has appeared in a criminal case may thereafter withdraw by written motion served upon the defendant personally or at the defendant's last-known

address and upon all other parties."  E.D. Mich. LR 57.1(b).

In the instant matter, Defense Counsel explains that there has been "an irreconcilable conflict in the attorney-client relationship[.]"  ECF No. 17, PageID.54. Specifically, Defense Counsel asserts that Defendant "has expressed his dissatisfaction with Counsel's handling of his case.  It is clear that [Defendant] does not believe that Counsel is representing his best interests."  *Id.*  Defense Counsel further explains that he received an email from Defendant indicating that he wished to be represented by another attorney.  *Id.* at PageID.53.  Defense Counsel properly notified Defendant and the Government of his instant Motion, thus complying with Local Rule 57.1(b).  *See id.* at PageID.50.

Based on Defense Counsel's present Motion and the hearing on May 11, 2020, the Court finds good cause exists to grant the relief requested.  Accordingly, the Court will **GRANT** Defense Counsel's Motion to Withdraw as Counsel [#17].

## IV.   CONCLUSION

For the reasons articulated above, **IT IS ORDERED** that the Government's Motion to Strike Defendant's *Pro Se* Motion [#14] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's *pro se* Motion for Permanent Injunction and Restraining Order [#7] is **DENIED WTIHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Government's Motion to Continue the Jury Trial and Find Excludable Delay [# 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court:

1. finds that this delay is necessary and serves the ends of justice, and that a failure to grant this continuance is likely to make a continuation of the proceedings in the instant case impossible and thus result in a miscarriage of justice;

2. finds that the ends of justice served by this delay outweigh the interests of the public and Defendant in a speedy trial;

3. orders that delay caused by the unprecedented COVID-19 pandemic be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A); and

4. orders that the new trial date shall be reset at a Status Conference on June 1, 2020 at 10:00 a.m.

**IT IS FURTHER ORDERED** that Defense Counsel's Motion to Withdraw as Counsel [#17] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Defender Office is appointed to appoint a CJA panel attorney to represent Defendant in this matter.  The parties, including newly appointed counsel, shall appear for a Status Conference on **June 1, 2020 at 10:00 a.m.**

**IT IS SO ORDERED.**

Dated:       May 11, 2020


                                        s/Gershwin A. Drain
                                        HON. GERSHWIN A. DRAIN
                                        United States District Court Judge




CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 11, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager