UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                  Case No. 20-cr-20058

    v.                   UNITED STATES DISTRICT COURT
                             JUDGE GERSHWIN A. DRAIN

ALI KAREEM AL-HISNAWI,

    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS [32]

### I. INTRODUCTION

On February 5, 2020, Defendant Ali Kareem Al-Hisnawi ("Defendant") was charged in an indictment with one count of Threatening a Federal Official, in violation of 18 U.S.C. § 115(a)(1)(B), and one count of Retaliating Against a Witness, in violation of 18 U.S.C. § 1513(b)(2). ECF No. 8. Presently before the Court is Defendant's Motion to Dismiss. ECF No. 32. The Government timely filed a Response. ECF No. 36. Defendant did not file a Reply. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Defendant's Motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will **DENY** Defendant's Motion to Strike [#32].

## II. BACKGROUND

The instant action stems from an incident on or about December 20, 2019, when Defendant allegedly threatened Joseph Camaj, a Deportation Officer employed by the U.S. Department of Homeland Security, Immigration and Customs Enforcement (ICE) and Enforcement and Removal Operations (ERO). On that date, Defendant was released by the Detroit Police Department and transferred into ICE custody. He was subsequently transported to the U.S. Marshals Service (USMS) due to a federal arrest warrant that was issued for an alleged violation of his terms of supervised release. ECF No. 1, PageID.4. Defendant purportedly threatened to assault and kill Deportation Officer Camaj while awaiting his transfer to USMS and while detained within an ICE detention vehicle. *Id.*

In a separate criminal matter in October 2014, Defendant entered a guilty plea for his role in a drug conspiracy. *United States v. Ali Al-Hisnawi (D-5)*, 13-cr-20564. A number of Defendant's co-defendants were convicted of crimes related to the drug conspiracy following a jury trial. ECF No. 36, PageID.134. Ali Bazzi testified at the jury trial regarding the defendants' conspiracy. *Id.*

In 2014, Officer Camaj was responsible for supervising Defendant as his separate immigration case proceeded through the court system. *Id.* On March 28, 2014, Defendant was ordered removed from the United States by an immigration judge, but he remained incarcerated in the United States to serve his federal sentence

for the aforementioned drug conspiracy offense. *Id.* Upon completing his sentence, Defendant was monitored with a GPS tether and began attending in-person meetings with Officer Camaj. *Id.*

On July 12, 2019, Officer Camaj informed Defendant that he was scheduled to report to Detroit Metro Airport for his departure from the United States. ECF No. 32, PageID.108. On July 15, 2019, one day prior to his scheduled departure, Defendant absconded from ICE supervision when he cut his tether and failed to report as instructed. *Id.* On December 19, 2019, after posting a video on Facebook several months later, where Defendant allegedly made "repeated threats toward the life of Ali Bazzi," Defendant was arrested by the Detroit Police Department. ECF No. 36, PageID.135.

On January 22, 2020, a criminal complaint was filed in the present matter, charging Defendant with Threating a Federal Official, in violation of 18 U.S.C. § 115(a)(1)(B). ECF No. 1. Defendant made his initial appearance before Magistrate Judge Elizabeth Stafford the following day. The Federal Community Defender Office was appointed to represent Defendant. ECF No. 17, PageID.49; *see also* ECF No. 2 (minute entry denoting defense attorney Todd Shanker's appearance on the record). Defendant consented to detention. ECF No. 5.

On February 5, 2020, a federal grand jury indicted Defendant in a two-count indictment. ECF No. 8. Defendant was arraigned on the indictment the following

day.  ECF Nos. 10, 11.  On May 11, 2020, the Court issued an Opinion and Order resolving the parties' four motions.  ECF No. 22.  Specifically, the Court denied the Government's Motion to Strike (ECF No. 14); denied without prejudice Defendant's *pro se* Motion for Permanent Injunction and Restraining Order (ECF No. 7); granted the Government's Motion to Continue the Jury Trial and Find Excludable Delay (ECF No. 16); and granted prior defense counsel's Motion to Withdraw as Counsel (ECF No. 17).  One day after the Court's Opinion and Order, defense counsel Haralambos D. Mihas filed an appearance.  ECF No. 23.  He continues to represent Defendant in this matter.

Defendant now moves the Court to dismiss Counts One and Two in the indictment.  ECF No. 32.  As to Count One, Defendant first argues that the alleged statements about harming Officer Camaj are "clearly constitutionally protected."  *Id.* at PageID.115.  Moreover, he asserts that the indictment "lacks any factual allegation that the charge of threatening a federal officer created a 'clear and present danger.'" *Id.* at PageID.116.  As to Count Two, Defendant argues that there is no indication that he made any affirmative threats or steps to act on the alleged threats before the recorded statements against Bazzi, or afterward.  *Id.* at PageID.117.  Defendant also emphasizes that his statements were under the influence of narcotics.  *Id.*

In its Response, the Government opposes Defendant's requested relief for both counts.  ECF No. 36.  The Government contends that Defendant's request for

the Court to apply the "clear and present danger" test is legally erroneous and inconsistent with Sixth Circuit precedent. *Id.* at PageID.133. Moreover, the Government argues that voluntary intoxication is an affirmative defense which is to be resolved by a jury trial. *Id.*

### III. LEGAL STANDARD

Motions to dismiss in a criminal action are governed by Rule 12 of the Federal Rules of Criminal Procedure. Rule 12 provides that a defendant may bring a motion challenging "a defect in the indictment or information, including" a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense. Fed. R. Crim. P. 12(b)(3)(B). An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend. *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Second, the indictment is sufficient if it enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Id.* "An indictment as drafted is presumed sufficient if it tracks statutory language, cites the elements of the crimes charged, and provides approximate dates and times." *United States v. Chichy*, 1 F.3d 1501, 1504 n. 3 (6th Cir. 1993).

Given that Rule 12(b) limits pretrial motions only to those matters that can be decided "without a trial on the merits," Fed. R. Crim. P. 12(b)(1), "courts

[considering] motions to dismiss do not evaluate the evidence upon which the indictment is based." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) (citing *Costello v. United States*, 350 U.S. 359, 362–63 (1956)).  A motion to dismiss is limited to the four corners of the indictment and that the allegations in the indictment are assumed to be true and viewed in the light most favorable to the government.  *United States v. Scott*, No. 10-20235, 2013 U.S. Dist. LEXIS 35579, at *3 (E.D. Mich. Mar. 13, 2013) (citations omitted).

## IV. ANALYSIS

Defendant seeks to dismiss both counts, violations of 18 U.S.C. § 115(a)(1)(B) [Count One] and 18 U.S.C. § 1513(b)(2) [Count Two], in the indictment.  The Court will address each count in turn.

As an initial matter, the Court takes notice of Defendant's argument that the Supreme Court decision *Brandenburg v. Ohio* should apply to both charges in the indictment.  *See* ECF No. 32, PageID.109–10.  In *Brandenburg*, the Court explained that "the constitutional guarantees of free speech and free press do not permit a State to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." 395 U.S. 444, 447 (1969) (footnote omitted). While it is true that the First Amendment affords protection to actual speech, the Government is correct to denote that the protections afforded are not absolute.  ECF

-6-

No. 36, PageID.137 (citing *Virginia v. Black*, 538 U.S. 343, 358 (2003)). Indeed, the First Amendment "permits a State to ban a 'true threat.'" *Black*, 538 U.S. at 359. "True threats" include statements where "the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Id.* (citation omitted). The Supreme Court has made clear that "[t]he speaker need not actually intend to carry out the threat. Rather, a prohibition on true threats protects individuals from the fear of violence and from the disruption that fear engenders." *Id.* at 359–60 (internal quotation marks and alterations and citation omitted).

Here, the indictment concerns Defendant's allegedly "true threats" against Officer Camaj and Bazzi. As to Count One, the indictment asserts that Defendant "did threaten to murder Joseph Camaj … with intent to retaliate against Joseph Camaj on account of the performance of his official duties, in violation of Title 18, United States Code, Section 115." ECF No. 8, PageID.15. As to Count Two, the indictment states that Defendant "did knowingly engage in conduct which threatened to cause bodily injury to Ali R. Bazzi, with the intent to retaliate against Ali R. Bazzi for testimony given by Ali R. Bazzi as a witness in an official proceeding, in violation of Title 18, United States Code, Section 1513(b)(2)." *Id.* at PageID.16. Accordingly, the Court agrees with the Government that the indictment includes

"true threats" which do not conflict with the First Amendment's constitutional protections.

**A. Count One: 18 U.S.C. § 115(a)(1)(B)**

As stated above, Count One of the indictment states that Defendant threatened to murder Officer Camaj, a federal officer, with intent to retaliate against Officer Camaj on account of his official duties.  ECF No. 8, PageID.15.  In his present Motion, Defendant argues that the indictment "fails to articulate facts sufficient to support the charges that [his comments] were an imminent threat, or that the intent element of the charge is supported by the allegations[.]"  ECF No. 32, PageID.116. He explains that his threats were "nothing more than wishful thinking."  *Id.* Defendant also asserts that his threats were "random, idle ramblings, similar to the rest of the words he spewed out while locked up in the back of an ICE vehicle."  *Id.* at PageID.114.

Title 18 U.S.C. § 115(a)(1)(B) prohibits anyone from "threaten[ing] to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under such section, with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties."  18 U.S.C. § 115(a)(1)(B).  The statute thus

requires the government to prove not only that "the defendant threatened certain action against a government official," but also that the defendant "made such a threat for the specific purpose of interfering with the performance of official duties or of retaliating for the performance of such duties." *United States v. Cope*, 283 F. App'x 384, 387 (6th Cir. 2008) (citing *United States v. Veach*, 455 F.3d 628, 633 (6th Cir. 2006)).  The following elements are required to prove a violation under this section: (1) the defendant threatened to assault, kidnap, or murder a federal official; (2) with the intent to retaliate against such official on account of the performance of official duties; and (3) a reasonable person would foresee that the threat would be interpreted by those to whom it was communicated as a serious expression of intent to harm the official. *Id.*

The parties do not dispute that this statute contains a specific intent element. Indeed, § 115(a)(1)(B) requires that the defendant made the threat "for the specific purpose of interfering with the performance of official duties or of retaliating for the performance of such duties." *Veach*, 455 F.3d at 633.  The Sixth Circuit has explained, "[b]oth the actual language of the statute itself and our allusions to the requirements for conviction under that provision lead to the inescapable conclusion that 18 U.S.C. § 115(a)(1)(B) contains a specific intent element that must be proven by the government beyond a reasonable doubt." *Id.*  The parties instead contest

whether Defendant must have "a specific intent to act on his words."  ECF No. 32, PageID.114; ECF No. 36, PageID.140.

Upon review of the parties' briefs, as well as the statute and Sixth Circuit precedent, the Court agrees with the Government that it does not need to prove that Defendant acted with "specific intent to act on his words."  Section 115(a)(1)(B) "prohibits threats against federal officials either "*with intent* to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or *with intent* to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties." *Cope*, 283 F. App'x at 388 (citing 18 U.S.C. § 115(a)(1)(B)) (emphases in original). In *Cope*, the Sixth Circuit concluded that the district court's instructions to the jury that the defendant could be found guilty if the government proved that defendant "intended the threat as an act of retaliation against the officer on account of the performance of official duties" was consistent with the terms of the statute.  *Id.*  The court explained that the district court correctly "instructed the jury to find [the defendant] guilty only if he manifested the requisite intent *under one of these alternative methods of proof*—here because [the defendant] 'intended the threat as an act of retaliation.'"  *Id.* (emphasis added).  Moreover, in *United States v. Veach*, which Defendant points to in his Motion, the Sixth Circuit cited to several cases for the proposition that the specific intent requirement in 18 U.S.C. § 115(a)(1)(B) refers

to the defendant's intent to use a threat as a means to interfere with the performance of an official's duties or as an act of retaliation.  455 F.3d at 633 (collecting cases).

Accordingly, the Court declines to adopt Defendant's position that the statute requires Defendant to knowingly intend to violate the elements of 18 U.S.C. § 115(a)(1)(B) or that he must have "specific intent to act on his words."  The threat itself, coupled with the intent to use the threat as an act of retaliation against an official, as set forth in the indictment, is all that is required for a violation of 18 U.S.C. § 115(a)(1)(B).  The Court will thus deny Defendant's Motion as to Count One.

### B. Count Two: 18 U.S.C. § 1513(b)(2)

Defendant also argues that the Government is unable to provide evidence that he intended to violate 18 U.S.C. § 1513(b)(2).  ECF No. 32, PageID.116.  Similar to its argument as to Count One, the Government does not dispute that this statute contains a specific intent element.  ECF No. 36, PageID.141.  The Government instead contests Defendant's argument that the Court should dismiss the indictment in light of the fact that he was intoxicated at the time of the alleged offense.  *Id.* at PageID.141–42.

The Court takes notice of Defendant's argument that "not only was [he] influenced by cannabis at the time of the recorded statements in question, he was also identified as bi-polar during the aforementioned drug conspiracy litigation."

ECF No. 32, PageID.117.  However, the Court declines to address the merits of Defendant's argument at this juncture.  Indeed, such affirmative defenses must be proven by Defendant at trial.  The Sixth Circuit has determined that a defendant has the burden of proof for affirmative defenses.  *United States v. Payne*, 962 F.2d 1228, 1234 (6th Cir. 1992).  The Court thus agrees with the Government that this issue should not be resolved at this juncture, as it is premature to raise such defenses in the present motion.  *See United States v. Darden*, 353 F. Supp. 3d 697, 712 (M.D. Tenn. 2018).

In sum, the indictment cites the particular statutes for the charged offenses and generally tracks the language of the two respective statutes.  The indictment also includes the dates and location of the alleged illegal activity and the violative conduct.  The Court thus concludes that the indictment sufficiently informs Defendant of the specific offenses for which he is charged.  *Hamling v. United States*, 418 U.S. 87, 117–18 (1974).

Accordingly, the Court will deny Defendant's Motion in its entirety.

## V. CONCLUSION

For the reasons articulated above, Defendant's Motion to Dismiss [#32] is **DENIED**.

**IT IS SO ORDERED.**

Dated:         January 4, 2021

                                        s/Gershwin A. Drain
                                        HON. GERSHWIN A. DRAIN
                                        United States District Court Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Ali Kareem Al-
Hisnawi, #339734, Livingston County Jail,
150 S. Highlander Way, Howell, MI 48843, on
January 4, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager